HAMILTON ET ALS., APPELLANTS, *v.* KNEELAND ET ALS., RESPONDENTS.

## APPLICATION FOR WRIT OF ERROR.

The cases enumerated in the 25th Section of the Judiciary Act of Congress are the only ones in which a writ of error can issue to the Supreme Court of the United States.

Although it is not indispensible that the record should show by direct and positive statement that some of the questions enumerated in section twenty-five of the Judiciary Act were passed upon by the State Court to authorize a writ of error to the Supreme Court of the United States, yet it must appear by just and necessary inference that some one of those questions were made, and that the Court could not have arrived at the judgment pronounced by it without passing upon one or more of them.

The right of appeal must be governed by the laws in force at the time the appeal is taken. A case commenced in the Territorial Courts and appealed to the Supreme Court of the Territory, but decided by the Supreme Court of the State of Nevada, cannot be taken to the Supreme Court of the United States, merely because the organic Act of the Territory allowed it at the time the action was commenced. Such an inchoate right of appeal is not a vested right.

The fact that the parties to an action were citizens of different States does not authorize an appeal to the Supreme Court of the United States after decision by the Supreme Court of the State.

Hamilton *et als. v.* Kneeland *et als.*

Opinion by LEWIS, C. J.

At the present term of this Court, the judgment of the Territorial District Court for the County of Storey, having been affirmed in this case, the defendants now make an application to me, under the Act of Congress entitled "An Act to establish the Judicial Courts of the United States," for a writ of error to take the case to the Supreme Court of the United States.

Though firmly believing at the time the application was made that the case did not come within the 25th section of that Act of Congress, and therefore that a writ of error should not issue, yet the value of the property in dispute, and a desire to have the decision of this Court reviewed, if it were possible, have induced me to hear counsel on behalf of the appellants, and to give the question the most thorough examination; but I have been unable to find any authority, either on principle or precedent, for allowing the writ in this case. And in arriving at this conclusion, I have not ignored the general rule observed in applications of this kind—that if any doubt exists as to the right, the writ should be allowed.

I think it is not claimed by appellants that it is a writ of right and should issue *ex debito justitiæ*, but rather that it rests in the discretion of the Judge to whom the application is made.

Though the entire responsibility of passing upon this question, so far as the application in this Court is concerned, rests solely upon me, I have not failed to avail myself of the counsel of my associate who was engaged with me in the hearing of the cause, and I am permitted to say that he fully concurs with me in the conclusions to which I have arrived.

In the consideration of this question it must be borne in mind that a writ of error could only be allowed in this case, if at all, by the authority of the 25th section of the Act of Congress known as the Judiciary Act, which declares "that a final judgment or decree in any suit in the highest Court of law or equity of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under any State, on the

ground of their being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of such, their validity, or where is drawn in question the construction of any clause of the Constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party under such clause of the said Constitution, treaty, statute or commission, may be re-examined and reversed or affirmed in the Supreme Court of the United States upon a writ of error, the citation being signed by the Chief Justice, or Judge, or Chancellor of the Court rendering or passing the judgment or decree complained of, or by a Justice of the Supreme Court of the United States, in the same manner and under the same regulations, and the writ shall have the same effect as if the judgment or decree complained of had been rendered or passed in a Circuit Court, and the proceeding upon the reversal shall also be the same, except that the Supreme Court, instead of remanding the cause for a final decree as before provided, may, if the cause shall have been once remanded before, proceed to a final decision of the same and award execution. But no other error shall be assigned or regarded as the ground of reversal in any such case as aforesaid than such as appears on the face of the record, and immediately respects the before mentioned questions of validity or construction of the said Constitution, treaties, commissions or authorities in dispute."

The cases enumerated in this section are the only ones in which the Supreme Court of the United States has any revisory power over the decisions of the highest Court of a State. The decision in this case being the judgment of a State Court, it must be shown that some one of the questions enumerated in this section was passed upon by it, to authorize the issuance of the writ of error applied for by the appellants. It has been held that it is not *indispensable* that that fact should appear upon the record *in totidem verbis*, or by direct and positive statement, but if it does not, it must appear clear from the facts stated, by just and necessary inference, that the question was made, and that the Court below must, in order to have arrived at the judgment pronounced by it, have come

to the very decision of that question as *indispensable* to that judgment. (*Crowell* v. *Randall*, 10 Pet. 368; *Armstrong* v. *Treasurer of Athens County*, 16 Pet. 281; *Satterlee* v. *Matthewson*, 2 Pet. 380.)

Does this case then come within this rule so frequently announced by the Supreme Court of the United States? I think not. It nowhere appears in the record by direct and positive statement, or inferentially, as *indispensable* to the judgment pronounced by it, that any of the questions enumerated in section 25 of the Judiciary Act were passed upon or indeed even raised in the case. If, as a matter of fact, any of these questions were involved in the judgment—but the record did not show that fact as required by the rule—it would avail the appellants nothing. There must not only be the decision of some one of these questions, but it must also appear by the record to have been raised and passed upon by the State Court. *Quod non apparet non est.*

To sustain this application, it is claimed on behalf of the appellants that the decision of this Court involved a right claimed by them under the Organic Act of the Territory of Nevada; that that Act having vested all judicial power in a " Supreme Court, District Courts, Probate Courts and Justices of the Peace," it was their right to have their motion for a new trial heard and determined by the *Court;* and that the decision of the referee, overruling the motion, was nothing more than the act of a private individual, and of no force or effect; that in sustaining the appeal and affirming the judgment of the Court below, this Court conferred judicial power upon the referee, and deprived the appellants of the right ot having their motion for new trial heard and determined by the District Court. And thus it is claimed the record shows that the decision of this Court involved the construction of an Act of Congress, and deprived appellants of a right claimed under it. The facts, as they appear of record, I think, warrant no such conclusion.

. It appears that on the 2d day of April, A. D. 1864, this cause was referred, by order of the District Court of Storey County, to a referee to report the facts and a judgment. After a full hearing before the referee, he, on the 9th day of

May following, reported his findings of fact and a judgment in favor of the plaintiffs, which report was on the same day confirmed by the District Court, and a judgment entered in accordance with the report of the referee.   On the 29th day of June, A. D. 1864, by the consent of counsel, the motion for a new trial, which was made by defendants, was also referred to a referee, who, on the 11th day of July, overruled the motion, and the following day an appeal is taken to the Supreme Court of the Territory of Nevada, the notice of which states that the appeal is taken " from the judgment made and entered by the above entitled District Court on the 9th day of May, 1864, in favor of plaintiffs and against the defendants ; and also from the *order of said Court* made in said cause on the 11th day of July, 1864, denying the motion of defendants for a new trial of said cause."

From this notice of appeal it would appear that the motion for new trial was actually made by defendants before the District Court, and it is from the action of that Court overruling the motion, and the final judgment rendered by it, that they appeal, and not from any proceeding of a referee.

How, then, does the decision of this Court deprive them of the right which they claim, of having their motion for a new trial determined by a proper tribunal?   If this notice of appeal is to have any weight, the referee is entirely out of the case, and I am unable to see how the affirmance of the judgment of the District Court involved the decision that the referee had the power to hear the motion for new trial, or that an appeal would lie from his proceedings.   To do so the Court would have to decide a point not presented by the record, and entirely unnecessary for it to decide in affirming the judgment below.   But if it be admitted that the appeal in fact is from the judgment of the Court and from an order of the referee overruling the motion for new trial, the appellants will occupy no better position upon this application, because even then the case would not come within the rule laid down in the case of *Crowell* v. *Randall* and the other authorities cited above. The record would not, even by implication, show that the point suggested by them, or any of the questions enumerated in the twenty-fifth section of the Judiciary Act, was involved

Hamilton *et als. v.* Kneeland *et als.*

in the decision of the Court. Indeed, the most favorable construction which can be put upon it, is that the appellants waived their motion for new trial, and appealed simply from the judgment of the Court. This may be done, and if an appeal be taken from the final judgment before the determination of the motion for new trial, and the appeal is pressed in the appellate tribunal before any move is made to have it disposed of, the only legitimate conclusion which could be drawn from such conduct would be that the motion had been waived. The appellants had a right to appeal from the judgment of the Court below, even during the pendency of the motion, and if their position be correct, they did so, and the case came properly before this Court. If that be done, the respondents have no cause of complaint. It is the appellants rights alone which are affected by it, and there being an appeal from a final judgment, I see no reason why the appellate tribunal should not pass upon it.

If an appellant wishes to rely upon an appeal from a final judgment of an inferior Court, and to waive the rights which a motion for new trial would give him, I know of no reason why he should not be permitted to do so. And this is the position which the appellants occupy before us, if it be correct that the motion for a new trial has not been determined, or that the order of the referee was merely the act of a private individual. No appeal could be taken from such order, consequently this must be taken to be an appeal simply from the judgment rendered by the District Court. We could not review the order of the referee in this case, but we could inquire as to whether the judgment of the District Court was sustained by the findings of fact reported; if so, it was the duty of this Court to affirm it. If there was no final judgment, and the appeal was from an order of a referee overruling a motion for a new trial, the question would assume a very different aspect. In that case the appellate tribunal in sustaining such order, would necessarily have to decide that the referee had the power to make it. But no such necessity exists in this case, as there is no appeal from any order of a referee, or if it be admitted that there is, the appeal having also been taken from the final judgment of the District Court, the decision of this Court

affirming that judgment would not necessarily involve the decision that the referee had, or had not, the power to hear and determine a motion for new trial; for as stated before, the appellants having taken the appeal and prosecuted the same without having questioned the power of the referee, and his order being the mere *ipse dixit* of a private individual, having none of the elements of judicial action (as claimed by appellants), the only rational conclusion which we can draw is, that they waived a determination of the motion for new trial, and relied entirely upon the appeal from the judgment of the Court. Is it clear then from the facts stated on the record, by just and necessary inference, that any question was made by this Court as to the power of the referee, and in order to have arrived at the judgment pronounced, was the decision of that question indispensable? Would it be just to presume that the Court passed upon a question not presented by the record and which was not necessarily involved in the judgment pronounced? Clearly not. The writ of error therefore should not issue. ( *Wilson* v. *The Blackbird Creek Marsh Association,* 7 Pet. 245 ; *Hickie* v. *Stark,* 1 Pet. 94 ; Laws United States Courts, 122, note.)

But the Chief point upon which the appellants claim the issuance of this writ is, that the right of appeal which existed under the Territorial Government at the time this action was commenced survives, and is not affected by the change in our form of Government. This position in effect simply amounts to this, that that portion of the Organic Act of the Territory of Nevada which authorized an appeal from the final decision of the Supreme Court of the Territory to the Supreme Court of the United States, is still in force as to those cases which were commenced prior to the adoption of the State Government, or that the right of appeal, as it existed by the laws in force at the commencement of this action, became a vested right in appellants. If it can be said that the appellants had a right of appeal at all before a judgment was rendered against them, or order made affecting their rights, it was of that contingent, uncertain and shadowy nature, that it could scarcely be called a vested right. But admitting this vested right to exist, what was it? Simply the right to appeal from the final decision of the Supreme Court of the *Territory*, and not from

the final decision of the Supreme Court of the State. The Organic Act from which the right is claimed, provides that "writs of error and appeals from the final decision of said (Territorial) Supreme Court shall be allowed, and may be taken to the Supreme Court of the United States," but there is no final decision of the Supreme Court of the Territory in this case; *ergo*, no writ of error should issue, and no appeal can be taken. Again, the provision of our State Constitution which declares, "that all rights, actions, prosecutions, judgments, claims," etc., "shall continue as if no change had taken place," cannot possibly help this application. If the appellants have the right to claim the issuance of this writ, it must be independent of our State Constitution. The Supreme Court of the United States would scarcely respect the jurisdiction conferred upon it by the fundamental law of the State of Nevada.

As the writ of error in this case would be issued from a State Court, the Supreme Court of the United States would not look to the Constitution of this State to ascertain if the rights of the appellants were preserved by it, but would only inquire if the case came within the 25th Section of the Judiciary Act. That section specifies all the cases in which the decision of the highest Court of a State can be re-examined by the Supreme Court of the United States, and if this case does not come within it, vested rights and State Constitutions would not be looked to for the power to assume jurisdiction of it. The fact of a case having been commenced in the Territorial Court, does not bring it within that section.

One further point made on this application remains to be disposed of, which is that the parties to the action are citizens of different States. While this fact, which here nowhere appears upon the record, would be sufficient to give the Federal Courts jurisdiction in the first instance, I am unable to see how it can be taken advantage of after final judgment on an application of this kind. It is not one of the cases specified in the section quoted above, in which a writ of error may be issued, and the appellate power of the Supreme Court of the United States in this respect is strictly limited to the cases given in that section. For these reasons I have deemed it my duty to deny this application.